# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAKENTAE ROBERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-01936-SNLJ |
| VELDA CITY POLICE DEPARTMENT | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff LaKentae Roberson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $18.52. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, plaintiff will be directed to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 4-1). The certified inmate account statement shows an average monthly deposit of $92.60. The Court will therefore assess an initial partial filing fee of $18.52, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming the Velda City Police Department and Officer Matt Reppy as defendants. Officer Reppy is sued in his official capacity only. (Docket No. 1 at 2).

Plaintiff alleges that on January 13, 2018, in Velda City, Missouri, Officer Reppy "stabbed" him six times while plaintiff was handcuffed. Officer Reppy then "jumped on top of" plaintiff, choking and tasering him. He states that Officer Reppy's use of force occurred "for no reason." Plaintiff further states that Officer Reppy failed to tell the paramedic on scene that Reppy had choked and tasered him.

As a result of this incident, plaintiff claims that he suffered abrasions, lacerations, and pain, and that he was treated for his injuries at Barnes-Jewish Hospital. Plaintiff seeks $1,000,000 in damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant Reppy violated his constitutional rights by using excessive force against him during an arrest. Officer Reppy is sued in his official capacity only. The Velda City Police Department is also named as a defendant. For the reasons discussed below, plaintiff's complaint is defective and subject to dismissal. However, he will be allowed to file an amended complaint according to the instructions set forth in this order.

**A. Deficiencies in Complaint**

Plaintiff's complaint is deficient and subject to dismissal because he has not stated a claim against either defendant. With regard to the claim against the Velda City Police Department, plaintiff's claim fails because a police department is not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Plaintiff's claim against Officer Reppy also fails, because Reppy is sued in an official capacity only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, plaintiff has not demonstrated the liability of Velda City for allegedly violating his constitutional rights. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims

challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

**B. Order to Amend**

Because plaintiff is proceeding pro se, he will be allowed an opportunity to amend his complaint in accordance with the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link

to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint

counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Moreover, plaintiff is being directed to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $18.52 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended complaint on the Court-form in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this __20th___ day of November, 2019.

　　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE