UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAKENTAE ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01936-SNLJ |
| | ) | |
| VELDA CITY POLICE DEPARTMENT | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On November 20, 2019, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 5). Plaintiff has failed to respond. Therefore, for the reasons discussed below, plaintiff's complaint will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Discussion

Plaintiff is an inmate at the St. Louis City Justice Center in Clayton, Missouri. On July 12, 2019, he filed a pro se civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). He also filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The complaint named the Velda City Police Department and Officer Matt Reppy as defendants. Plaintiff accused Officer Reppy of excessive force and sought $1,000,000 in damages.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined that it was subject to dismissal. Specifically, the Court noted that the Velda City Police Department was not a proper defendant, as it was not a juridical entity, subject to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). The Court also noted that plaintiff had sued Officer Reppy in his official capacity only, meaning that his suit was actually against Velda City itself.

*See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that an official capacity claim against an individual is actually a claim against the governmental entity that employs the individual). However, plaintiff had failed to state a municipal liability claim. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

On November 20, 2019, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee of $18.52. Plaintiff was ordered to pay the initial partial filing fee within thirty days. The Court also directed plaintiff to file an amended complaint, according to the instructions set forth in the order. To aid plaintiff in filing an amended complaint, the Court directed the Clerk of Court to send him a copy of the Court's prisoner civil rights form. Plaintiff was given thirty days in which to file his amended complaint. He was advised that failure to submit an amended complaint would result in the dismissal of his case without prejudice and without further notice. The amended complaint was due by December 20, 2019.

Plaintiff's thirty-day period in which to file an amended complaint and pay the initial partial filing fee has expired. Indeed, the Court has given plaintiff significantly more than thirty days in which to respond. However, plaintiff has not submitted an amended complaint or filed a motion with the Court seeking an extension of time. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's November 20, 2019 order, his action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of November 20, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of January, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE